IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>    Plaintiff<br><br>        v.<br><br>DANIEL GANDIA-MAYSONET,<br><br>    Defendant | 96-CR-304-2 (RAM) |

**ORDER**

This matter comes before the Court on Defendant Daniel Gandía-Maysonet's *Motion for Reconsideration of Court's Order In Re; Motion for Compassionate Release or Home Confinement Pursuant to 18 U.S.C. Section 3582(c)(1)(A)* and *Defendant's Citation of Supplemental Authorities in Support of His Motion for Compassionate Release to Home Confinement under 18 U.S.C. Sec. 3582(c)(1)(A)(i)*. (Docket Nos. 181 and 183)

Defendant Gandía-Maysonet contends the Court erred by: (a) determining that his request for compassionate release was not consistent with applicable policy statements issued by the United States Sentencing Commission; (b) not considering his sleep apnea as a medical condition warranting compassionate release; and (c) not considering his post-conviction conduct as part of the analysis as to whether release is compatible with the sentencing factors in

18 U.S.C. § 3553. (Docket No. 181 at 3-12). Having considered Defendant's submissions, the Court **DENIES** the Motion for Reconsideration.

Defendant Gandía-Maysonet is correct that several courts of appeals have concluded that following the passage of the First Step Act, the United States Sentencing Commission's policy statement 1B1.13 cannot constrain a District Court's discretion as to what constitutes "extraordinary and compelling reasons" meriting compassionate release when ruling upon motions by Defendants. *See e.g.* United States v. Brooker, 976 F.3d 228 (2nd Cir. 2020); United States v. Gunn, 980 F.3d 1178 (7th Cir. 2020). However, neither this nor his other arguments change this Court's determination that he has not met the threshold requirement of showing "extraordinary and compelling reasons." Consequently, reconsideration is not warranted.

Compassionate release due to the COVID-19 pandemic requires, among other things, "*both a **particularized susceptibility** to the disease and a **particularized risk** of contracting the disease at his prison facility.*" *See* U.S. v. Harper, 2020 WL 2046381, at *3 (W. D. Va. 2020) (emphasis added). Defendant Gandía-Maysonet has shown neither.

**Defendant Gandía-Maysonet has not shown particularized susceptibility to COVID-19**. The Centers for Disease Control

("CDC") does not recognize sleep apnea as a condition that poses, or might pose, an increased risk of severe illness from COVID-19 infection. *See* https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last checked on January 21, 2020). "Relying on official guidelines from the CDC is a common practice in assessing compassionate-release motions." *See* United States v. Elias, 2021 WL 50169, at * 4 (6th Cir. 2021). Moreover, other district courts within the First Circuit have denied motions invoking sleep apnea as a ground for compassionate release. *See e.g.* U.S. v. Hardy, 470 F.Supp.3d 61, 62 (D. Mass. 2020)(Denying compassionate release to defendant suffering from "hypertension, gastro-esophageal reflux disease, sleep apnea, and (more concerning) diabetes and asthma"); U.S. v. Aboshady, 2020 WL 6828491, *1 (D. Mass. 2020) (Denying compassionate release to defendant suffering from "sleep apnea, hyperlipidemia, hypercholesterolemia and obesity").

**Defendant Gandía-Maysonet has not shown a particularized risk of contracting COVID-19**. There are currently four (4) active cases of COVID-19 infection at FCI-Coleman Low where he is being held. *See* Federal Bureau of Prisons, *Covid-19 Cases*, https://www.bop.gov/coronavirus/index.jsp (last visited on January 21, 2021). Thus, it cannot be said that Defendant is at an institution posing a high risk of COVID-19 infection.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 21st day of January 2021.

                                                S/ RAÚL M. ARIAS-MARXUACH
                                             United States District Judge